UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW GAYOT,

           Plaintiff,

    -against-

DUTCHESS COUNTY,

           Defendant.

16-CV-8871 (KMK)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KENNETH M. KARAS, United States District Judge:

    Andrew Gayot ("Plaintiff") brings this *pro se* action, for which the filing fees have been paid, alleging that Duchess County ("Defendant" or the "County") violated his federally protected rights. For the reasons set forth below, the Court dismisses the complaint with leave to replead.

## I. Standard of Review

    The Court has the authority to dismiss a complaint, even when a plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  A complaint states a claim for relief if the claim is plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor.  *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555).  However, the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions.  *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).  After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief.  *Id*.

## II.  Background

Plaintiff filed this Action on November 15, 2016 against three individual defendants, (*see* Compl. (Dkt. No. 2)), and filed an Amended Complaint on March 30, 2017, (see. Am. Compl. (Dkt. No. 8).  On November 21, 2018, the Court dismissed Plaintiff's claims without prejudice for failure to exhaust.  (*See* Op. & Order 16 (Dkt. No. 37).)  On January 8, 2021, Plaintiff informed the Court that his claim was properly exhausted and requested that he be allowed to file a new Complaint that replaced the individual defendants with "Dutchess County [sic]."  (*See* Letter from Andrew Gayot to Court (December 28, 2020) (Dkt. No. 39); Letter from Andrew Gayot to Court (December 28, 2020) (Dkt. No. 40).)  On February 3, 2021, the Court granted Plaintiff's request and set a deadline of March 5, 2021.  (*See* Dkt. No. 41.)  On June 14, 2022, the Court issued an Order to Show Cause why this case should not be dismissed for failure to

prosecute.  (*See* Order to Show Cause (Dkt. No. 43).)  On July 11, 2022, Plaintiff filed his Second Amended Complaint ("SAC").  (*See* Second Am. Compl. ("SAC") (Dkt. No. 46).)

The following facts are taken from Plaintiff's SAC.  Plaintiff alleges that several officers at Downstate Correctional facility violated his rights from August to December 2016.  (SAC 4.)  Specifically, Plaintiff alleges that a Sergeant Candidus "questioned Plaintiff's relationship with his attorney in violation of Plaintiff's right to attorney-client privilege."  (*Id.*)  Plaintiff also claims that he has repeatedly experienced interference with his mail.  (*Id.* at 5.)  Plaintiff asserts that the interference with his mail resulted in denial of his access to the courts because he was unable to properly answer legal notices in a pending mortgage foreclosure action.  (*Id.* at 4.)  Finally, Plaintiff alleges a *Monell* claim against Defendant for a "failure . . . to properly train or supervise [its] subordinates[,] [which] amont[s] to 'deliberate indifference' to the rights of those who come into contact with [its] employees."  (*Id.*)  Plaintiff alleges he has experienced "stress, anxiety, [and] emotional distress in conjunction with financial loss of $225,612" and requests relief in the form of "$250,000 for pain, suffering, and financial loss."  (*Id.* at 5.)

### III.  Discussion

A.  Duchess County

The Court construes Plaintiff's allegations as arising under 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor."  *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

In addition, to state a § 1983 claim, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation.  *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a

3

prerequisite to an award of damages under § 1983.") (internal quotation marks and citation omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Under certain circumstances, a plaintiff may bring claims against a municipality, but "Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. Thus, "to prevail on a claim against a municipality under [§] 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008).

Plaintiff has brought suit solely against Duchess County, and *Monell* is the only basis for liability that Plaintiff has alleged. (*See* SAC 4.) However, Plaintiff's claim must fail because Downstate Correctional Facility is operated by the State of New York (the "State"), not the County. *See, e.g.*, *Banks v. McLaughlin,* No. 19-CV-4127, 2019 WL 11890644, at *6 (S.D.N.Y. July 8, 2019) (holding that "Downstate [is a] . . . state facility[y] [that] share[s] in [New York]'s Eleventh Amendment immunity"). Because Plaintiff fails to state a claim against the County, his Complaint is dismissed.

B. Leave to Replead

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's pro se status, the Court grants Plaintiff 30 days' leave to replead his claims in a third amended complaint against appropriate defendants. No extensions will be granted.

## CONCLUSION

The complaint is dismissed without prejudice for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff chooses to amend his complaint, he must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 16-CV-8871 (KMK). An Amended Complaint form is attached to this order.

If Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

Although the Clerk of Court issued summonses in this case, no answers are required until further notice by the Court.

5

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 3, 2023
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
       (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name         Middle Initial         Last Name

_____
Street Address

_____
County, City         State         Zip Code

_____
Telephone Number         Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
　　　　　　　First Name　　　　　　　　Last Name

　　　　　　　_____
　　　　　　　Current Job Title (or other identifying information)

　　　　　　　_____
　　　　　　　Current Work Address (or other address where defendant may be served)

　　　　　　　_____
　　　　　　　County, City　　　　　　　State　　　　　Zip Code

Defendant 2: _____
　　　　　　　First Name　　　　　　　　Last Name

　　　　　　　_____
　　　　　　　Current Job Title (or other identifying information)

　　　　　　　_____
　　　　　　　Current Work Address (or other address where defendant may be served)

　　　　　　　_____
　　　　　　　County, City　　　　　　　State　　　　　Zip Code

Defendant 3: _____
　　　　　　　First Name　　　　　　　　Last Name

　　　　　　　_____
　　　　　　　Current Job Title (or other identifying information)

　　　　　　　_____
　　　　　　　Current Work Address (or other address where defendant may be served)

　　　　　　　_____
　　　　　　　County, City　　　　　　　State　　　　　Zip Code

Defendant 4: _____

        First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

    County, City                State             Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.