UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW GAYOT,

                      Plaintiff,

      v.

THE STATE OF NEW YORK,

                      Defendant.

No. 16-CV-8871 (KMK)

<u>OPINION & ORDER</u>

<u>Appearances</u>:

Andrew Gayot
Fishkill Correctional Facility
Beacon, NY
*Pro Se Plaintiff*

Ian Ramage, Esq.
Assistant Attorney General
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

      Plaintiff, Andrew Gayot ("Plaintiff"), proceeding pro se, brings this Action pursuant to 42 U.S.C. § 1983 against the State of New York.  (*See generally* Third Am. Compl. ("TAC") (Dkt. No. 51).)

      Before the Court is Defendant's Motion To Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 42 U.S.C. § 1997e(a).  (*See* Not. of Mot. (Dkt. No. 56).) Plaintiff has also submitted a request for appointment of pro bono counsel.  (*See* Letter from Andrew Gayot to Court ("Pl's Application") (May 10, 2023) (Dkt. No. 60).)  For the following reasons, Defendant's Motion is granted and Plaintiff's request is denied.

I.  Background

A.  Factual Background

The following facts are drawn from Plaintiff's Third Amended Complaint and are assumed true for the purposes of resolving the instant Motion.  *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

Plaintiff was incarcerated at Downstate Correctional Facility ("DCF") from August to December 2016.  (TAC at 5.)  Plaintiff alleges that DCF Sergeant Candidus, who is not a party to this Action, "questioned his relationship with his attorney."  (*Id.*) [1]  Plaintiff also alleges that unidentified DCF officers interfered with his mail, which resulted in Plaintiff being unable to "properly answer legal notices in a pending mortgage foreclosure action."  (*Id.*)

B.  Procedural History

The Court has discussed the procedural background of this Action in a previous Opinion. (*See* Op. & Order ("2018 Op.") (Dkt. No. 37).)  The Court discusses only those subsequent proceedings relevant to deciding the instant Motion.

Plaintiff filed his Third Amended Complaint on January 18, 2023.  (*See* TAC.) Defendant filed its Motion To Dismiss on February 28, 2023.  (*See* Not. of Mot.; Def's. Mem. of Law in Supp. of Mot. To Dismiss ("Def's Mem") (Dkt. No. 57).)  On April 18, 2023, Defendant requested that its Motion be deemed fully submitted because Plaintiff's time to respond had passed; the Court granted the request the same day.  (*See* Letter from Ian Ramage, Esq., to Court (Apr. 18, 2023) (Dkt. No. 58); Order (Dkt. No. 59).)  On May 10, 2023, Plaintiff requested the Court provide him pro bono counsel.  (Pl's Application.)

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number at the top right of each page.

## II.  Discussion

### A.  Standard of Review

The Supreme Court has consistently ruled that a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels[,] and a formulaic recitation of the elements of a cause of action will not do" when considering whether to grant or deny a Motion To Dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Bell Atl. Corp. v Twombly*, 550 US 544, 548 (2007).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id*. (alteration and quotation marks omitted).  Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id*. at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id*. at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[]complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *Id*. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering Defendant's Motion To Dismiss, the Court is required to "accept as true all of the factual allegations contained in the [C]omplaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (same). And, the Court must "draw[] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedure and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted). However, when the Plaintiff is pro se, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a] defendant's request for a pre-motion conference," *Jones v Fed. Bureau of Prisons*, 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), and "documents that the plaintiff[] either possessed or knew about

4

and upon which [he or she] relied in bringing the suit," *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *see also*, *Mercedes v Westchester County*, No. 18-CV-4087, 2019 WL 1429566, at *4 (S.D.N.Y. Mar. 29, 2019).

B.  Analysis

Defendant argues that Plaintiff's suit is barred by the doctrine of sovereign immunity. (Def's Mem 7–8.)  The Eleventh Amendment bars suits by individuals against a state in federal court without that state's consent.  *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–68 (1997).  New York has not consented to being sued in federal court.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977) (noting that New York state has consented only to being sued in the New York Court of Claims); *Bryant v. N.Y. State Dep't of Corr. Servs. Albany*, 146 F. Supp. 2d 422, 425 (S.D.N.Y. 2001) (noting that it is "beyond dispute" that New York and its agencies have not consented to being sued in federal court (internal quotation marks omitted)).  Accordingly, Plaintiff's suit is barred by sovereign immunity and must be dismissed.[2]

---

[2] Defendant also argues that Plaintiff's claim must be dismissed because he failed to exhaust his administrative remedies prior to bringing suit.  (Def's Mem 8–9.)  The Court disagrees because, although the Court previously dismissed Plaintiff's Action for failure to exhaust without prejudice, (*see generally* 2018 Op.), Plaintiff has since indicated that he has properly exhausted his claims, (*see* Letter from Andrew Gayot to Court (December 28, 2020) (Dkt. No. 39)).  Thus, as the Second Circuit has long held and as this Court specifically noted in its previous opinion, Plaintiff may now re-institute his suit.  *See Neal v. Goord*, 267 F.3d 116, 123 (2d Cir. 2001), *overruled in part on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002) (explaining that "failure to exhaust administrative remedies is usually a 'curable, procedural flaw' that can be fixed by exhausting those remedies and then reinstituting the suit" (quoting *Snider v. Melindez*, 199 F.3d 108, 111–12 (2d Cir.1999))).  (*See also* 2018 Op. at 16.)

C. Request for Pro Bono Counsel

Plaintiff has also requested the Court appoint him pro bono counsel.  (*See* Pl's

Application.)[3]

Although there is not a constitutional right to counsel in civil cases, the Court has the

authority to appoint counsel for indigent parties.  *See* 28 U.S.C. § 1915(e)(1).  "Broad discretion

lies with the district judge in deciding whether to appoint counsel pursuant to this provision."

*Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  When analyzing whether appointment

of counsel is appropriate, the Court undertakes a two-step inquiry.  *See Ferrelli v. River Manor*

*Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).

First, the Court "'determine[s] whether the indigent's position seems likely to be of

substance.'"  *Id*. (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41

(2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first

whether the claimant has met a threshold showing of some likelihood of merit." (quotation marks

omitted)).  In other words, the applicant's position must not be so "highly dubious" that he or she

appears to have no chance of success.  *Hodge*, 802 F.2d at 60.  In making this determination, the

Court construes pro se litigants' submissions liberally, and interprets them to raise the strongest

arguments that they suggest.  *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d

Cir. 2006).

If the threshold requirement is met, the Court proceeds to consider other prudential

factors such as the litigant's:

> ability to investigate the crucial facts, whether conflicting evidence implicating the
> need for cross-examination will be the major proof presented [to the fact finder],
> the indigent's ability to present the case, the complexity of the legal issues and any

---

[3] As a threshold matter, the Court notes that Plaintiff has been authorized to proceed in forma pauperis, so he qualifies as an indigent.  (*See* Order (Dkt. No. 6).)

special reason . . . why appointment of counsel would be more likely to lead to a
just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE*

*(Dep't of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011) (listing *Hodge* factors).

Here, Plaintiff alleges that various guards at DCF interfered with his mail and his access

to the courts.  (TAC 5.)

For the purpose of addressing Plaintiff's request, the Court construes Plaintiff's

Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the

threshold requirement under *Hodge*.  *Johnston*, 606 F.3d at 41 (quotation marks omitted); *see*

*also McCray v. Lee*, No. 16-CV-1730, 2020 WL 4229907, at *2 (S.D.N.Y. July 23,

2020) (assuming for the purpose of the application for pro bono counsel that the plaintiff's claims

had "some likelihood of merit"); *Ahmad v. White Plains City Sch. Dist.*, No. 18-CV-3416, 2020

WL 3972274, at *3 (S.D.N.Y. July 14, 2020) (same); *Simmons v. Diaz*, No. 17-CV-8886, 2018

WL 11258138, at *4 (S.D.N.Y. May 8, 2018) (same).

However, turning to the second inquiry under *Hodge*, various prudential considerations

militate against the appointment of counsel here.  Plaintiff's claims "are not so complex or

unique that a person of Plaintiff's intelligence would be unable to handle them at this stage."

*Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013).

Indeed, Plaintiff's "complaint articulates a clear and concise statement of the facts, demonstrating

his ability to present his case."  *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2

(S.D.N.Y. Feb. 3, 2006).  Plaintiff's claim is largely based on the retelling of events that

happened in his presence and "do[es] not appear to require outside investigation."  *Person v.*

*Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v.*

*Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of

counsel in part due to plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). Additionally, Plaintiff has demonstrated his ability to present the case himself through his submissions in the instant Action that adequately express his arguments and desired forms of relief. *See Harrison v. N.Y.C. Admin. for Children's Servs.*, No. 02-CV-947, 2002 WL 2022871, at *1 (S.D.N.Y. Sept. 3, 2002) (noting that the plaintiff was "capable of presenting her own case" where, "[i]n submissions to the court, she . . . demonstrated an ability to make arguments and draft pleadings"). Further, even though Plaintiff alleges that he does not have regular "access to the law library," (Pl.'s Application 1), this factor alone "does not alter the Court's analysis as to the remaining *Hodge* factors." *See Arnold v. County of Westchester*, No. 16-CV-9552 at Dkt. No. 38 (S.D.N.Y. Apr. 4, 2017); *cf. Perkins v. Napoli*, No. 08-CV-6248, 2010 WL 1056347, at *2 (W.D.N.Y. Mar. 19, 2010) (denying a plaintiff's motion for appointment of counsel where the plaintiff alleged he had no access to the law library, because "inmates in administrative segregation [had] access to legal materials and documents").

Additionally, Plaintiff does not explain whether he has sought to obtain counsel in this matter at all before asking the Court to appoint counsel. Because Plaintiff has not demonstrated that he made any effort to engage counsel, his request must be denied. *See Walsh v. Buchanan*, No. 11-CV-1206, 2013 WL 145041, at *3 (D. Conn. Jan. 11, 2013) ("The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time."); *Anderson v. Romano*, No. 08-CV-559, 2009 WL 702818, at *1 (S.D.N.Y. Mar. 13, 2009) (denying the plaintiff's request for appointment of counsel because the plaintiff "ha[d] not indicated to the [c]ourt . . . that he made any effort to engage counsel prior to making the . . . application").

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above as well as the consideration that "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), Plaintiff's request for assignment of counsel is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding any change of circumstances that would support a renewed application, including when and if this case goes to trial. *See Falls v. Pitt*, No. 16-CV-8863, 2022 WL 2162983, at *2 (S.D.N.Y. May 6, 2022) ("[T]he Court can again consider appointing counsel if and when this case [ ] proceed[s] to trial." (alterations in original)).

## III.  Conclusion

For the reasons stated above, Defendant's Motion To Dismiss is granted, and Plaintiff's request for court appointed counsel is denied without prejudice. Although this is the third adjudication of Plaintiff's claims, Plaintiff's claims are dismissed without prejudice. If Plaintiff wishes to file an amended complaint alleging additional facts and otherwise addressing the deficiencies identified above, Plaintiff must do so within 30 days of the date of this Order. Specifically, Plaintiff may wish to sue the individuals he claims are responsible for the wrongs he allegedly suffered in their individual capacities. *See*, *e.g.*, *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("As to a [§ 1983] claim brought against him in his individual capacity, however, the state official has no Eleventh Amendment immunity."). The amended

complaint will replace, not supplement, the prior complaints.  The failure to timely file an amended complaint may result in the dismissal of this Action with prejudice.  The Court also warns Plaintiff that if he chooses to file an amended complaint that Defendants successfully move to dismiss, such dismissal may be with prejudice.

The Clerk is respectfully directed to terminate the pending Motion, (*see* Dkt. No. 56), and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:    September 22, 2023
          White Plains, New York

                                        KENNETH M. KARAS
                                        United States District Judge